11-1942-ag
Gurung v. Holder

BIA
Videla, IJ
A088 527 868

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

LAXMI GURUNG,
        *Petitioner*,

        v.                                        11-1942-ag
                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Jason A. Nielson, Law Offices of
                       Thomas Mungoven, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Andrew Oliveira, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Laxmi Gurung, a native and citizen of Nepal, seeks review of an April 15, 2011, order of the BIA affirming the July 14, 2009, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Laxmi Gurung*, No. A088 527 868 (B.I.A. Apr. 15, 2011), *aff'g* No. A088 527 868 (Immig. Ct. N.Y. City July 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Gurung argues that the agency erred in finding that she was not persecuted on account of her political opinion. Section 101(a)(3) of the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(i), applicable here because Gurung filed her application in 2007, *see* REAL ID Act § 101(h)(2), provides

2

that an asylum applicant "must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution.  *See Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).  The statements contained in Gurung's affidavit and testimony indicate that the Maoists came to her home to recruit members for their protest rally, and that it was her refusal to join, not her personal political opinion, that resulted in the harm suffered and subsequent visit and threats.  Because the record shows that the Maoists were motivated by a desire to fill their ranks, the agency reasonably concluded that the harm suffered was not on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).

Although Gurung contends that the IJ failed to consider Exhibit 5, the record shows that the IJ considered the letters from Gurung's mother and the village committee, but ultimately based its finding on Gurung's testimony, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), from which a reasonable factfinder could conclude that the Maoists' objective was to recruit Gurung for participation in their rally.  *See Matter of J-B- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007); *Siewe v. Gonzales*, 480

3

F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation omitted)).  Accordingly, substantial evidence supports the agency's conclusion that Gurung did not demonstrate that the harm she suffered, or her fear of future harm, bore a sufficient nexus to a protected ground.

Having found that Gurung did not establish a sufficient nexus to a protected ground, the agency did not err in denying her asylum and withholding of removal.  *See Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (BIA 2010) (holding that the "one central reason" nexus standard of the REAL ID Act applies to withholding of removal).  Further, the agency reasonably denied Gurung CAT relief, as neither Gurung nor her family members had ever been arrested or detained in Nepal, and the only instances of harm or mistreatment that Gurung experienced in Nepal were insufficient to constitute persecution, much less torture.  *See Elias-Zacarias*, 502 U.S. at 482; *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011).  Aside from country conditions evidence of general human rights concerns in Nepal, Gurung failed to

4

provide any evidence showing that someone in her particular circumstances would likely be tortured if returned to Nepal. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

Gurung's challenge to the BIA's adoption and affirmance of the IJ's decision is meritless. *See Aslam v. Mukasey*, 537 F.3d 110, 117 (2d Cir. 2008). Finally, we decline to address Gurung's argument that the IJ failed to admit Exhibit 5 into evidence, as that specific argument was never raised before the agency. *See Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk